ORIGINAL

Approved: _____
JASON WONG
Special Assistant United States Attorney

Before: HONORABLE GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- v. -

HAZRAT KHALID KHAN,

           Defendant.

- - - - - - - - - - - - - - - - - X

SEALED COMPLAINT

Violation of 18 U.S.C. §§ 1425(a), 1546(a)

COUNTY OF OFFENSE:
New York

13 MAG 1847

SOUTHERN DISTRICT OF NEW YORK, ss.:

    CHRISTOPHER MUNSTER, being duly sworn, deposes and says that he is a Special Agent assigned to the U.S. Department of Homeland Security ("DHS"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), and charges as follows:

## COUNT ONE

    1. From at least on or about December 28, 2005, up to and including on or about July 17, 2012, in the Southern District of New York and elsewhere, HAZRAT KHALID KHAN, the defendant, knowingly did procure and attempt to procure, contrary to law, the naturalization of a person, and documentary and other evidence of naturalization and of citizenship, to wit, KHAN, under penalty of perjury, knowingly made false statements during his naturalization proceedings by claiming that he had never been arrested or convicted of a crime, when in truth and in fact, he had been arrested and convicted of a crime.

    (Title 18, United States Code, Section 1425(a).)

COUNT TWO

2. On or about July 17, 2013, in the Southern District of New York and elsewhere, HAZRAT KHALID KHAN, the defendant, knowingly did utter, use and attempt to use, possess, obtain, accept, and receive a visa, permit, border crossing card, alien registration receipt card, and other document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, knowing it to be forged, counterfeited, altered, and falsely made, and to have been procured by means of a false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained, to wit, KHAN possessed and used an alien registration receipt card to enter the United States which he had obtained by making false statements in his application to adjust his status to that of a lawful permanent resident by claiming that he had never been arrested or convicted of a crime, when in truth and in fact, he had been arrested and convicted of a crime.

(Title 18, United States Code, Section 1546(a).)

The bases for my knowledge and the foregoing charges are, in part, as follows:

3. I am a Special Agent assigned to HSI, and I have been personally involved in the investigation of this matter. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4. In the course of this investigation, I have reviewed the records maintained by DHS for HAZRAT KHALID KHAN, the defendant, including KHAN's criminal history. Based on that review of records, I have learned, in substance and in part, the following:

a. On or about September 18, 1989, KHAN was sentenced for his conviction in the United States District Court for the District of Maine, of the crime of bringing an unauthorized alien into the United States, in violation of 8

U.S.C. § 1324(a)(2).

   b. On or about December 16, 1994, KHAN filed with the Immigration and Naturalization Service ("INS") an application to adjust status and become a Lawful Permanent Resident (the "I-485"). On the I-485, KHAN stated, under penalty of perjury, the following: 1) he had never been never arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations; and 2) he had never knowingly encouraged, induced, assisted, abetted or aided any alien to try to enter the U.S. illegally. KHAN listed on the I-485 a Middletown, New York address.

   c. On or about January 22, 1996, KHAN's I-485 application was approved by INS and KHAN became a lawful permanent resident of the United States. KHAN was subsequently issued an alien registration receipt card.

   d. On or about December 28, 2005, KHAN filed with the United States Citizenship and Immigration Services ("CIS") an Application for Naturalization (the "N-400") to become a United States citizen. On the N-400, KHAN stated, under penalty of perjury, the following: 1) he had never been arrested, cited, or detained by any law enforcement officer for any reason; 2) he had never been charged with committing any crime or offense; 3) he had never been convicted of a crime or offense; 4) he had never been in jail or prison; and 5) he had never helped anyone enter or try to enter the United States illegally. KHAN listed on the N-400 a Middletown, New York address.

   e. On or about April 11, 2006, KHAN was interviewed by an officer for CIS in Manhattan, and KHAN verified, under penalty of perjury, that the content contained in the N-400, as described in paragraph 4(d) above, was true and correct.

   f. On or about May 19, 2010, KHAN's N-400 was approved by CIS.

   g. On or about July 17, 2012, KHAN's N-400 was denied by CIS on the ground that KHAN had failed to disclose his prior conviction on his I-485 and N-400, which conviction rendered him legally inadmissible.

   5. Based on my conversations with other law enforcement officials, I have learned that on or about July 17,

2013, KHAN arrived at John F. Kennedy International Airport on an international flight, and used his alien registration receipt card and Pakistani passport to enter the United States.

6. I have reviewed a report prepared by a trained fingerprint examiner working for HSI who reviewed the following: 1) a fingerprint impression taken of KHAN on or about August 23, 1989, in connection with his prior conviction; and 2) a fingerprint impression taken of KHAN on or about December 6, 1994, in connection with his I-485. The two fingerprint impressions came back to one and the same individual, KHAN.

WHEREFORE, deponent prays that HAZRAT KHALID KHAN, the defendant, be arrested and imprisoned, or bailed, as the case may be.

_____
CHRISTOPHER MUNSTER
Special Agent
United States Department of
Homeland Security, Homeland
Security Investigations


Sworn to before me this
24th day of July, 2013

_____
HONORABLE GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4